IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| **W & Z, LLC**, | ) | C.A. No. 6:20-cv-_____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| **VIRGINIA FAMILY RESTAURANTS, LLC**, and **JOHN DOE**, | ) | |
| | ) | |
| | ) | **Trial by Jury Not Demanded** |
| Defendants. | ) | |

COMES NOW W&Z, LLC, Plaintiff, by and through its undersigned counsel, and complaining of the Defendants, Virginia Family Restaurants, LLC and John Doe, would respectfully show unto this Honorable Court as follows:

### INTRODUCTION

1.     This is an action to collect a debt arising from a lease agreement, made significantly more complicated by the fact that Defendant Virginia Family Restaurants, LLC is a non-resident corporate entity who, ostensibly, has attempted to make itself judgment-proof.

### PARTIES & JURISDICTION & VENUE

2.     Plaintiff is a limited liability company organized under the laws of the State of South Carolina and doing business principally within Greenville County.

3.     Defendant Virginia Family Restaurants, LLC ("**VFR**") is a limited liability company organized under the laws of the State of Delaware and, on information and belief, has principally done business within the State of Florida.

4.     Defendant John Doe refers to the individuals and/or entity/ies who are or were members of VFR.  The identity/ies of John Doe are not known to Plaintiff, and Plaintiff, through

the exercise of reasonable diligence, has no readily available means of determining the identity/ies of John Doe.

5.    Plaintiff and VFR are parties to a lease agreement, attached hereto as **Attachment A**, which pertains to a certain premises located in Greenville County, South Carolina.

6.    This Court is vested with subject matter jurisdiction with regard to this dispute by virtue of Title 28, United States Code § 1332.  In furtherance of this assertion of jurisdiction, Plaintiff is informed and believes that there is complete diversity of citizenship between Plaintiff and Defendants, and that the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

7.    This Court is vested with personal jurisdiction with regard to VFR by virtue of VFR's willful participation in a transaction that occurred in Greenville County, South Carolina, which forms the basis of this controversy.  Additionally, the lease agreement at issue commits VFR to the jurisdiction of state and federal courts located in South Carolina.  (See Lease, Att. A, ¶ 46.)  Furthermore, Plaintiff is informed and believes that VFR is subject generally to personal jurisdiction in South Carolina by virtue of its respective contacts with and affecting commerce within the State of South Carolina.

8.    Venue in this Court is proper by virtue of the previously alleged transaction, which forms the basis of this controversy, which occurred entirely within the Greenville Division of the District of South Carolina, as well as the lease agreement, which requires venue within the Greenville Division of the District of South Carolina.

### ALLEGATIONS OF FACT

9.      Plaintiff is, and at all relevant times has been, the owner of a premises located at 645 Fairview Road, Simpsonville, South Carolina, which is located entirely within Greenville County (referred to hereinafter as "**the Premises**").

10.      By agreement dated January 3, 2013, Plaintiff entered into a lease agreement with VFR by which VFR would occupy the Premises for the purpose of operating an IHOP restaurant. This agreement is referred to hereinafter as "**the Lease**." As previously alleged, a true and accurate copy of the Lease is attached hereto as Attachment A.

11.      The term of the Lease is ten (10) years, (Lease, Att. A, ¶ 2), and it has never been terminated.

12.      For more than six (6) years, VFR performed its obligations under the Lease, or caused its obligations under the Lease to be performed.

13.      However, beginning in March 2020, rent was not paid under the Lease for the Premises.

14.      Rent has not been paid under the Lease for the Premises at any time since March 2020.

15.      The Premises is not being utilized as a restaurant, is not open for business, and sits vacant.

### FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment—against Defendant VFR only)

16.       Plaintiff incorporates each and every of the foregoing allegations of fact into this cause of action, to the extent such allegations are not inconsistent with those that follow.

17.      A real, live, justiciable controversy exists as to whether VFR is in default under the Lease, and whether the Lease has been terminated.

18.    Plaintiff respectfully requests the entry of a decision and an order which holds that VFR is in default under the Lease, and that the Lease has been terminated.

FOR A SECOND CAUSE OF ACTION
**(Breach of Agreement—against Defendant VFR only)**

19.    Plaintiff incorporates each and every of the foregoing allegations of fact into this cause of action, to the extent such allegations are not inconsistent with those that follow.

20.    The Lease is an agreement, which is both valid and enforceable.

21.    Plaintiff has fully performed its obligations to VFR under the Lease.

22.    VFR has failed to render full and reciprocal performance to Plaintiff under the Lease, particularly in its failure to make payment of rent, as required, and therefore, is in default.

23.    The condition of VFR's default is without legal justification or excuse.

24.    As a direct and proximate consequence of VFR's default, Plaintiff is entitled to an award from damages from VFR, all as provided for in the Lease.

25.    In that connection, and with regard to damages:

a.    Plaintiff is entitled to an award of past rent due from VFR.  At the time of default, VFR's monthly rent obligation was $15,750.00.  Accordingly, as of the date on which this suit is filed, VFR is in arrears on rent in the amount of $94,500.00 (which represents the months of March-August 2020);

b.    Plaintiff is entitled to all rent remaining under the 10-year term of the Lease, without any obligation to mitigate damages or re-let the Premises, (see Lease, Att. A, ¶ 25).  As of the date on which this suit is filed, the amount of this prospective obligation is $441,000.00 (28 months at $15,750.00 per month);

c.    Plaintiff is entitled to the totality of the upfit allowance given initially to VFR, and contingent on VFR's performance of its obligations for the entirety of the duration of the Lease, (<u>see</u> Lease, Att. A, ¶ 25). The amount of this obligation exceeds $84,000.00;

d.    Plaintiff is entitled to a late fee of five percent (5%) for non-payment of rent as it becomes due, (<u>see</u> Lease, Att. A, ¶ 26(b)), which yields a monthly fee of $788.00;

e.    Plaintiff is entitled to interest on all unpaid balances due in the amount of fifteen percent (15%) per annum, (<u>see</u> Lease, Att. A, ¶ 26(b)); and,

f.    Plaintiff is entitled to reimbursement of its legal expenses and other costs incurred in connection with collection efforts, (<u>see</u> Lease, Att. A, ¶ 26(a)).

26.    Therefore, as of the date on which this suit is filed, VFR is contractually obligated to Plaintiff in an amount that is no less than $600,000.00.

27.    Plaintiff respectfully requests a judgment and order which awards Plaintiff the entirety of the relief available and demanded under the Lease.

<u>FOR A THIRD CAUSE OF ACTION</u>
**(Nullification of Cancellation—against Defendant VFR only)**

28.    Plaintiff incorporates each and every of the foregoing allegations of fact into this cause of action, to the extent such allegations are not inconsistent with those that follow.

29.    VFR was organized under the laws of the State of Delaware as a limited liability company.

30.    According to records available from the Office of the Secretary of State for the State of Delaware, VFR filed a certificate of cancellation on or about August 23, 2017, in an effort to discontinue its corporate existence and become dissolved.

31.    Under the laws of the State of Delaware, a limited liability company that intends to undergo dissolution has an affirmative obligation to "make such provision as will be reasonably likely to be sufficient to provide compensation for claims that have not been made known to the limited liability company or that have not arisen but that, based on facts known to the limited liability company, are likely to arise or to become known to the limited liability company within 10 years after the date of dissolution." 6 Del. C. § 18-804(b)(3).

32.    Consistent with the laws of the State of Delaware, the remedy for a limited liability company that fails to discharge the obligation established by 6 Del. C. § 18-804(b)(3) is nullification of its cancellation. See, e.g., Capone v. LDH Mgmt. Holdings, LLC, C.A. No. 11687-VCG, *18-19 (Del. Ch. Apr. 25, 2018).

33.    The provisions of the Lease unambiguously establish VFR's ongoing financial obligations, which VFR knew or should have known of at the time it attempted to accomplish its dissolution.

34.    Plaintiff does not have any facts to suggest that VFR, in attempting to accomplish its dissolution, made any provision under 6 Del. C. § 18-804(b)(3).

35.    Accordingly, as a consequence of VFR's failure to honor its obligations under the laws under which it was organized, it is both necessary and appropriate for the Court to enter an order which nullifies VFR's cancellation.

### FOR A FOURTH CAUSE OF ACTION
### (Improper Distribution—against Both Defendants)

36.    Plaintiff incorporates each and every of the foregoing allegations of fact into this cause of action, to the extent such allegations are not inconsistent with those that follow.

37.    As previously alleged, VFR was a limited liability company organized under the laws of the State of Delaware.

38.     Consistent with the laws of the State of Delaware, a limited liability company undergoing dissolution cannot make distributions of assets to its members without taking into account the known or anticipated liabilities of the company; in other words, it is improper for a dissolving limited liability company to liquidate its assets in favor of its members to the detriment of known or anticipated creditors.  See generally 6 Del. C. § 18-804.

39.     To the extent that VFR has engaged in conduct that resulted in a liquidation of its assets to its member(s), despite the company's known or anticipated liability to Plaintiff, such liquidation was wrongful; both VFR and any member to which VFR's assets were liquidated in connection with its attempted dissolution are liable to Plaintiff in an amount up to the greater of the value of the assets liquidated or Plaintiff's claim, and Plaintiff respectfully requests a judgment and order which so holds.

### PRAYER FOR RELIEF

**WHEREFORE**, having fully stated its claim against Defendants, at least as such claim is presently known, Plaintiff respectfully requests an order and judgment that provides for the relief requested in connection with each cause of action, and further, for such other relief as the Court deems just and proper.

Respectfully submitted,

*s/ Steven Edward Buckingham*

Steven Edward Buckingham (D.S.C. Bar No. 10118)
The Law Office of Steven Edward Buckingham, LLC
16 Wellington Avenue
Greenville, South Carolina 29609
(o) 864.735.0832
(e) seb@buckingham.legal

August 20, 2020
Greenville, South Carolina